UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Ronald Wayne Canen, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>Wells Fargo Bank, N.A., *et al.*, )<br>)<br>Defendants. )<br>) | Civil No. 1:14-cv-00912 (APM) |

## MEMORANDUM OPINION

**I.      INTRODUCTION**

Plaintiffs Ronald Wayne Canen and Lotte Canen are no strangers to litigation over the foreclosure of their home in Elkhart, Indiana.  This court is merely the latest forum in which they have appeared, following denials of relief in the Elkhart County Superior Court, the federal bankruptcy court, the district court for the Northern District of Indiana, and the Seventh Circuit Court of Appeals.  Because other courts have recited Plaintiffs' extensive litigation history, this court will not describe it here, except when necessary to explain its reasoning.  Nor will the court attempt to parse every possible claim advanced in the complaint.  Sixty-eight pages long and interspersed with copies of various documents, the complaint is imprecise and difficult to comprehend.  Plaintiffs, at least, have enumerated their claims.  Those are the claims that the court will consider, and no more.

Each of the Canens' six claims arise from the foreclosure of their home, a process that began in 2004 and did not conclude until 2009.  *See Canen v. U.S. Bank Nat'l Ass'n*, 913 F. Supp. 2d 657, 659-61 (N.D. Ind. 2012).  The crux of their claims is that Defendants—two banks, Wells

Fargo Bank, N.A., and US Bank (collectively, the "Banks"), along with the Elkhart County Sheriff's Department and Sheriff Bradley Rogers individually (collectively, "Sheriff Rogers")—engaged in wrongdoing by improperly documenting and processing their loan; selling their initial mortgage; and foreclosing on their home. They assert six claims: (1) one count of violating 42 U.S.C. §§ 1983, 1985, and 1986, as to which the Canens ask the court to declare unenforceable both the assignment of their mortgage to Wells Fargo and the notice of default filed in the state-court foreclosure action (Count One), Compl. ¶¶ 49-55; (2) four counts of violating the Federal False Claims Act, 31 U.S.C. § 3729 *et seq.*, for which they seek damages and forfeiture (Counts Two through Five), Compl. ¶¶ 56-87; and (3) one count of violating a Consent Judgment entered in another case before this court in which Wells Fargo is a party, Consent Judgment, *United States v. Bank of Am. Corp.,* No. 12-cv-00361 (D.D.C. Apr. 4, 2012) (Count VI), Compl. ¶¶ 88-93.

After reviewing the parties' pleadings and briefs, the court grants Defendants' motions to dismiss with prejudice.

## II. STANDARD OF REVIEW

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must find that the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Naked assertion[s] devoid of further factual enhancement" are not sufficient to support a complaint. *Id*. (alteration in original) (internal quotation marks omitted) (citing *Twombly*, 550 U.S. at 557). Factual allegations are not required to be "detailed," but pursuant to the Federal Rules,

they must be more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief," and the case can be dismissed. *Iqbal*, 556 U.S. at 679 (alteration in original) (internal quotation marks omitted) (citing Fed. R. Civ. P. 8(a)(2)).

Although *pro se* complaints are held to a less strict standard than lawyer-drafted complaints, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . .") (citation omitted) (internal quotation marks omitted), a court need not make or accept inferences that are unsupported by allegations of fact, *see Henthorn v. Dept. of Navy*, 29 F.3d 682, 684 (D.C. Cir. 1994). Ultimately, a *pro se* plaintiff "must present a claim upon which relief can be granted." *Id.* (citation omitted) (internal quotation marks omitted).

### III. DISCUSSION

#### A. Improper Venue.

Both the Banks and Sheriff Rogers argue that this court is an improper venue for the Canens' claims. The court agrees. The federal venue statute, 28 U.S.C. § 1391, provides three bases for grounding venue in a judicial district. *See id.* § 1391(b). None apply here. Defendants do not reside here; none of the events or omissions that give rise to the Canens' claims occurred here; and venue is better laid in the Northern District of Indiana, where the events at issue occurred.

Nor does the alleged violation of the Consent Judgment provide venue. As Judge Howell concluded in a similar action claiming violation of the same Consent Judgment, *McCain v. Bank of America*, 13 F. Supp. 3d 45 (D.D.C. 2014), the Consent Judgment "simply does not create a private right of action allowing third parties"—like the Canens—"to bring claims for alleged violations of [it], let alone unrelated claims in this jurisdiction." *Id.* at 54 (citations omitted).

Moreover, Plaintiffs have not addressed in their opposition brief Defendants' challenge to venue and therefore have conceded that their case is not properly before this court. *See Hopkins v. Women's Div., Gen. Bd. of Global Ministries,* 284 F. Supp. 2d 15, 25 (D.D.C. 2003) (citations omitted) ("It is well understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.").

Although this court has the discretion to transfer this matter to a proper venue, *see* 28 U.S.C. § 1406(a), it declines to do so because, as discussed below, Plaintiffs have not made out any viable claims, making transfer futile. *See Simpkins v. District of Columbia*, 108 F.3d 366, 371 (D.C. Cir. 1997) (holding that dismissal, rather than transfer, is proper "when the outcome is foreordained").

      **B.**      **Personal Jurisdiction as to Sheriff Rogers**

This court does not have personal jurisdiction over Sheriff Rogers, a non-resident of the District of Columbia. The Canens cannot satisfy any of the bases available for long-arm jurisdiction under D.C. Code § 13-423(a). Sheriff Rogers (1) does not transact business in the District of Columbia; (2) has not contracted to supply services to this jurisdiction; (3) did not cause tortious injury in the District of Columbia; (4) did not cause tortious injury outside the District of Columbia while regularly engaging in or soliciting business here; and (5) does not have an interest in any real property in the District of Columbia that is a part of this dispute. *See id.* Furthermore, Plaintiffs have not responded to the Sheriff's challenge to personal jurisdiction and thus have conceded the argument. *See Hopkins*, 284 F. Supp. 2d at 25.[1]

---

[1] The Banks also have moved to dismiss for lack of personal jurisdiction. The court declines to reach that issue, because personal jurisdiction might be available under D.C. Code § 13-334, and Plaintiffs could cure any claimed deficiencies in service.

### C. Plaintiffs' Claims

#### 1. Sections 1983, 1985, and 1986 claims against the Banks and Sheriff Rogers

Under Count I, the Canens seem to contend that the court can award injunctive relief and damages under Sections 1983, 1985, and 1986 for the alleged wrongful taking of their home without due process of law. This claim is not viable for a host of reasons.

First, insofar as the Canens seek to undo the state-court foreclosure order, *see* Compl. ¶ 54 (requesting that the "Assignment of Mortgage" "be declared unenforceable"), the claim is barred under the *Rooker-Feldman* doctrine. Under that doctrine, "'a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Liebman v. Deutsche Bank Nat'l Trust Co.*, 15 F. Supp. 3d 49, 55-56 (D.D.C. 2014) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) ("The *Rooker-Feldman* doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."). As in *Liebman*, where the plaintiff similarly challenged a state-court foreclosure order, the Canens' claim that the Indiana state court's forfeiture order was unlawful under federal law is barred under *Rooker-Feldman*. *See Liebman*, 15 F. Supp. 3d at 55-56.

Plaintiffs contend that *Rooker-Feldman* does not apply here because "the state court ruling did not address . . . the issues raised in the case at bar," specifically their claims for violating the Consent Judgment and the False Claims Act. Opp'n to Defs.' Bradley D. Rogers and the Office

of the Sheriff of Elkhart County's Mot. to Dismiss, ECF No. 15 at 27-28.[2] But Plaintiff confuses *Rooker-Feldman* with the law of preclusion. *See Exxon Mobil*, 544 U.S. at 293-94. The proper inquiry under *Rooker-Feldman* is whether the plaintiff is asking a federal court to review and undo a final state-court judgment. If that is the relief the Canens seek in Count I, this court lacks subject matter jurisdiction to hear such a claim.

Second, to the extent that the *Rooker-Feldman* doctrine does not bar the claims asserted under Count I, the doctrine of *res judicata* does so. Count I's claims arise out of the same events as to which a competent court already has rendered a final, valid judgment on the merits of the same or similar causes of action. *See Porter v. Shah*, 606 F.3d 809, 813 (D.C. Cir. 2010) (setting forth the elements of *res judicata*). In *Canen v. U.S. Bank Nat'l Ass'n*, the court dismissed a variety of claims brought by Plaintiffs arising from the foreclosure of their home. 913 F. Supp. 2d 657. The Seventh Circuit affirmed the district court's dismissal of the Canens' claims. *See Canen v. U.S. Bank Nat'l Ass'n*, 556 Fed. Appx. 490 (7th Cir. 2014).

Plaintiffs argue that *res judicata* does not apply here because "the issues raised in the federal court were not litigated on the merits in the state court." Opp'n to Defs.' Wells Fargo and US Bank's Mot. Mot. to Dismiss [hereinafter Pls.' Opp'n to Wells Fargo & US Bank], ECF No. 13 at 21-22. That argument misses the point. The claims asserted in their previous *federal court* litigation, in which the Canens raised claims similar to those at issue here, were litigated on the merits and to a final judgment. The fact that Plaintiffs may not have specifically raised claims in the earlier federal litigation under Sections 1983, 1985, and 1986 is not dispositive. That is because a "final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or *could have been raised* in that action." *Allen v. McCurry*, 449 U.S. 90, 94

---

[2] When citing to the record, the court uses the ECF page numbers, rather than the parties' own page numbers, throughout this Memorandum Opinion.

(1980) (emphasis added) (citation omitted); *Ananiev v. Freitas*, 37 F. Supp. 3d 297, 309 (D.D.C. 2014) (dismissing lawsuit filed following state-court foreclosure and federal litigation over foreclosure for *res judicata*). Whether two cases implicate the same cause of action turns on whether they share the same "nucleus of facts." *Drake v. FAA*, 291 F.3d 59, 66 (D.C. Cir. 2002) (citation omitted) (internal quotation marks omitted). Here, both this lawsuit and the earlier federal litigation in Indiana turn on the same "nucleus of facts"—the alleged improper foreclosure of Plaintiffs' home. Therefore, *res judicata* bars the claims advanced under Count I. *See Freitas*, 37 F. Supp. 3d at 309.

### 2. *False Claims Act Claims against the Banks*[3]

Plaintiffs also fail to state a claim under the False Claims Act (FCA) for a host of reasons. First, their FCA claims are barred under the doctrine of *res judicata* for the same reasons discussed above. Again, contrary to what Plaintiffs contend, Pls.' Opp'n to Wells Fargo & US Bank at 39, the fact that Plaintiffs did not specifically raise FCA claims in the earlier litigation is not controlling. Because the FCA claims arose out of the same "nucleus of facts" that were at issue in earlier federal court litigation in Indiana, *res judicata* operates as a bar.

Second, Plaintiffs, who are proceeding *pro se*, cannot serve as *qui tam* relators under the FCA. "The relator in a *qui tam* FCA action, while having a stake in the lawsuit, represents the interests of the United States." *United States ex rel. Rockefeller v. Westinghouse Elec. Co.*, 274 F. Supp. 2d 10, 16 (D.D.C. 2003). Because "[t]he need for adequate legal representation on behalf of the United States is obviously essential," *id.*, courts in this jurisdiction consistently have held

---

[3] Although Plaintiffs' complaint named Sheriff Rogers in each count, in their opposition brief, they write: "We have not stated that the Sheriff was involved in the False Claims Act causes of action stated in the civil action," Mem. of P. & A. in Supp. of Opp'n to Defs.' Bank of America and Deutsche Bank National Trust Company's Mot. to Dismiss, ECF No. 11 at 17, and that their claims against the Sheriff are "primarily prospective in nature and designed to obtain injunctive relief," *Id.* The court will assume that, in light of this concession, Plaintiffs' only claims against Sheriff Rogers arise under 42 U.S.C. §§ 1983, 1985, and 1986, and the Consent Judgment.

that *pro se* plaintiffs, like the Canens, are not adequately able to represent the interests of the United States. *See Freitas*, 37 F. Supp. 3d at 307; *McCain*, 13 F. Supp. 3d at 56-57; *Rockefeller*, 274 F. Supp. 2d at 16-18. And, even if it were possible that some *pro se* plaintiff could adequately represent the interests of the United States, the Canens have not demonstrated that capacity here.

Third, Plaintiffs have not pled the elements of a FCA violation. "A proper [FCA] claim has three elements: (1) the defendant presented a claim for payment or approval to the government, (2) the claim was false or fraudulent, and (3) the defendant acted knowing that the claim was false." *Freitas*, 37 F. Supp. 3d at 307 (citation omitted) (internal quotation marks omitted). Reading the complaint in the light most favorable to Plaintiffs, they have not alleged that any false or fraudulent claim was presented to the United States. Plaintiffs' complaint references allegedly false or fraudulent "mortgage-backed securities," Compl ¶¶ 59, 67, 76, 84, "mortgage assignments," *id.* ¶¶ 60, 68, and "title," *id.* ¶ 70, but none of these are "claims" presented to the United States for payment or approval.

Fourth, Plaintiffs root their FCA claims in lost "income tax revenue." *Id.* ¶¶ 71, 80. However, the "FCA specifically excludes such claims from its purview in providing that it does not apply to 'claims, records, or statements made under the Internal Revenue Code of 1986.'" *Freitas*, 37 F. Supp. 3d at 307 (quoting 31 U.S.C. § 3729(d)). Plaintiffs thus have failed to allege viable claims under the FCA.

### 3. *Violation of the Consent Judgment by the Banks and Sheriff Rogers*

Finally, the Canens assert that they have stated a claim against the Banks and Sheriff Rogers for violating a Consent Judgment entered in a separate case in this court, in which Wells Fargo is a party. But the problem for Plaintiffs is that the Consent Judgment does not create a right of enforcement for non-parties, such as Plaintiffs, let alone enable them to bootstrap an unrelated

claim into an enforcement action under the Consent Judgment. As Defendants point out, this same gambit was rejected as to the same Consent Judgment in *Freitas* and *McCain*. *See* 37 F. Supp. 3d at 306; 13 F. Supp. 3d at 54. This court agrees with those decisions. Moreover, Plaintiffs have not responded to this argument, *see* Pls. Opp'n to Wells Fargo & US Bank at 26-28, and thus have conceded it. *See Hopkins*, 284 F. Supp. 2d at 25.

## IV.   CONCLUSION

For the foregoing reasons, and because granting Plaintiffs leave to amend would be futile, *see Jefferies v. District of Columbia*, 917 F. Supp. 2d 10, 24-25 (D.D.C. 2013) (citing cases), the court grants Defendants' motions to dismiss with prejudice.

Dated: July 29, 2015

Amit P. Mehta
United States District Judge